IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 1:21-CR-49 CMH |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW J. ERAUSQUIN, | ) | |
| a/k/a MATT HAMMOND | ) | |
| | ) | |
| Defendant. | ) | |

FILED
IN OPEN COURT

OCT 18 2021

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## STATEMENT OF FACTS

The parties stipulate that the allegations in Counts One through Count Six of the

Indictment and the following facts are true and correct, and that had the matter gone to trial the

United States would have proven them beyond a reasonable doubt with admissible and credible

evidence.

1.    From on or about June 15, 2017 through on or about September 10, 2018, within

the Eastern District of Virginia, in and affecting interstate commerce, the defendant, MATTHEW

J. ERAUSQUIN, a/k/a "MATT HAMMOND," did knowingly recruit, entice, harbor, transport,

obtain, maintain, solicit, and patronize a minor herein referred to as VICTIM J, having had a

reasonable opportunity to observe VICTIM J and knowing and in reckless disregard that VICTIM

J was under the age of 18 years old and knowing and in reckless disregard that VICTIM J would

be caused to engage in a commercial sex act.

2.    From on or about June 15, 2017 through on or about July 2018, within the Eastern

District of Virginia, in and affecting interstate commerce, the defendant, MATTHEW J.

ERAUSQUIN, a/k/a "MATT HAMMOND," did knowingly recruit, entice, harbor, transport,

obtain, maintain, solicit, and patronize a minor herein referred to as VICTIM G,  having had a

reasonable opportunity to observe VICTIM G and knowing and in reckless disregard that VICTIM

1

G was under the age of 18 years old and knowing and in reckless disregard that VICTIM G would be caused to engage in a commercial sex act.

3. From on or about July 21, 2017 through on or about November 2017, within the Eastern District of Virginia, in and affecting interstate commerce, the defendant, MATTHEW J. ERAUSQUIN, a/k/a "MATT HAMMOND," did knowingly recruit, entice, harbor, transport, obtain, maintain, solicit, and patronize a minor herein referred to as VICTIM S, having had a reasonable opportunity to observe VICTIM S and knowing and in reckless disregard that VICTIM S was under the age of 18 years old and knowing and in reckless disregard that VICTIM S would be caused to engage in a commercial sex act.

4. From on or about August 4, 2017 through on or about November 2017, within the Eastern District of Virginia, in and affecting interstate commerce, the defendant, MATTHEW J. ERAUSQUIN, a/k/a "MATT HAMMOND," did knowingly recruit, entice, harbor, transport, obtain, maintain, solicit, and patronize a minor herein referred to as VICTIM G.B., having had a reasonable opportunity to observe VICTIM G.B. and knowing and in reckless disregard that VICTIM G.B. was under the age of 18 years old and knowing and in reckless disregard that VICTIM G.B. would be caused to engage in a commercial sex act.

5. From on or about April 1, 2019 through on or about April 24, 2019, within the Eastern District of Virginia, in and affecting interstate commerce, the defendant, MATTHEW J. ERAUSQUIN, a/k/a "MATT HAMMOND," did knowingly recruit, entice, harbor, transport, obtain, maintain, solicit, and patronize a minor herein referred to as VICTIM I, having had a reasonable opportunity to observe VICTIM I and knowing and in reckless disregard that VICTIM I was under the age of 18 years old and knowing and in reckless disregard that VICTIM I would be caused to engage in a commercial sex act.

6.      From on or about September 1, 2019 through on or about October 9, 2019, within the Eastern District of Virginia and elsewhere, in and affecting interstate commerce, the defendant, MATTHEW J. ERAUSQUIN, a/k/a "MATT HAMMOND," did knowingly recruit, entice, harbor, transport, obtain, maintain, solicit, and patronize a minor herein referred to as VICTIM E,  having had a reasonable opportunity to observe VICTIM E and knowing and in reckless disregard that VICTIM E was under the age of 18 years old and knowing and in reckless disregard that VICTIM E would be caused to engage in a commercial sex act.

7.      In or about June, 2017, the defendant, MATTHEW ERAUSQUIN, met Victim J on the website SeekingArrangement.com, a website that advertised itself as a place where "Sugar Daddies" can meet "Sugar Babies."  To set up a profile, SeekingArrangement.com requires a person to state they are at least 18 years old and Victim J so stated in her profile.

8.      On June 15, 2017, ERAUSQUIN sent Victim J $200 through his Matt Hammond Paypal/Venmo account after requesting and receiving a video of Victim J sucking on a tube of toothpaste.

9.      The next day, ERAUSQUIN ordered and paid for an Uber car ride to pick up Victim J and Victim G and transported them to Arlington, Virginia.  ERAUSQUIN bought lunch for both Victim J and Victim G.  Victim J and Victim G represented that they were 18 years old.  After lunch, the three of them walked back to his apartment in Clarendon, Virginia.  While at his apartment, he engaged in sex acts with both girls.  Afterwards, he paid Victim J and Victim G approximately $800 each.  Victim J and Victim G were 16 years old during this first encounter.

10.     ERAUSQUIN had Victim J and Victim G over at his apartment multiple times when they were minors.  He paid for sexual activity each time, which included vaginal sexual intercourse and/or oral sex being performed on him.  He also provided Victim J and Victim G marijuana,

3

including THC infused chocolate bar edibles.

11.     Uber records linked to ERAUSQUIN's uber account reveal he ordered and paid for multiple car rides to be sent to the vicinity of Victim J's home address to then be transported to the vicinity of his Clarendon apartment on the following dates: June 16, 2017, September 1, 2017, September 19, 2017, and August 10, 2018.  Victim J and Victim G were minors for each of the above uber car ride dates.

12.     On or about July 21, 2017, Victim J, Victim G, and Victim S went to ERAUSQUIN's apartment together.  A representation was made that Victim S was 18 years old. While at his apartment, ERAUSQUIN engaged in vaginal sexual intercourse with Victim S and directed Victim J and Victim G to engage in other sexual acts with each other and/or with him. Thereafter, he paid each girl approximately $800.  Victim S was 16 years old during this first encounter.

13.     On or about August 4, 2017, ERAUSQUIN ordered an Uber car ride to transport both Victim S and Victim G.B. to his apartment . He sent the Uber car ride to the vicinity of Victim G.B.'s residence.  A representation was made that Victim G.B. was 18.  While at his residence, ERAUSQUIN engaged in vaginal sexual intercourse with Victim G.B. and Victim S.  He also had both girls engage in oral sex with him.  Thereafter, he paid $800 each and then ordered an Uber to transport them to Tyson's Mall.  Victim G.B. was 16 years old during this first encounter and had silver orthodontic braces on her top and bottom teeth.  Victim S was also 16 years old.

14.     During a court authorized search of ERAUSQUIN's residence in Miami, Florida, law enforcement recovered five videos on a Seagate Hard Drive showing ERAUSQUIN engaged in vaginal sexual intercourse with the minor victims and oral sex being performed on him by at least one minor victim in each video.   The videos were created in his apartment in Clarendon,

4

Virginia.  The videos were saved in a folder on the hard drive titled "Escapades."  The below table contains the video file name, the creation date, and which victims were depicted:

| Name | Date Created | Victims Depicted |
|---|---|---|
| Escapade.mov | 7/21/2017 1:37:06PM<br>(2017-07-21 17:37:06 UTC) | J, G, S |
| Escapade-2.mov | 8/4/2017 4:07:44PM<br>(2017-08-04 20:07:44 UTC) | S, G.B. |
| Escapade-3.mov | 9/1/2017 4:45:25PM<br>(2017-09-01 20:45:25 UTC) | J, G |
| Escapade-4.mov | 9/19/2017 11:03:40PM<br>(2017-09-20 03:03:40 UTC) | J, G |
| Escapade-5.mov | 11/2/2017 4:01:04PM<br>(2017-11-02 20:01:04 UTC) | J, G |

15.     On April 9, 2019 and April 12, 2019, ERAUSQUIN ordered an Uber car ride to transport Victim I and Victim G.B. to his apartment.  During the two encounters, Victim I was 16 years old.  Victim G.B. was 18 years old.  Victim G.B. previously represented that Victim I was 18 years old and in high school.  Victim G.B. was friends on Instagram with both ERAUSQUIN and Victim I when she made the representation regarding Victim I's age.  During both encounters with Victim I and Victim G.B., ERAUSQUIN engaged in sexual activity with both girls, including vaginal sexual intercourse with Victim I.  He paid Victim I and Victim G.B. $500 each during both encounters.  During one of the encounters, he gave Victim I and Victim G.B. marijuana and two purses from the retail store Tiffany & Co.

16.     On July 31, 2019, Victim J forwarded to ERAUSQUIN a message she received from Victim GB.  The forwarded message to ERAUSQUIN stated in part:

**Victim GB:** U know he's being investigated right?

**Victim GB:** So just be careful

**Victim J:** Investigated for what?

**Victim GB:** For money fraud and apparently something about having sex w underage girls

**Victim GB:** Bc one of the girls I knew who went to him was 17 and she told her parents ....The police came to my house about it like a month ago but I didn't talk to them

17.   After receiving the forwarded message, ERAUSQUIN responded in part:

> **+13058983522 Matt** (7/31/2019):  yeah this is the first I'm hearing about the [Victim GB] thing.  Everything was cool, even bought her a super nice camera and then suddenly disappeared and blocked me on everything.  Didn't understand it but figured she got a bf
>
> **+13058983522 Matt** (7/31/2019):  she brought over one girl but told me she was a senior and was 18
>
> ...
>
> **+13058983522 Matt** (8/5/2019):  none of this is worth risking my career for.  I have parents in their late 70s that are relying on me to take care of them

18.   In or around September, 2019, ERAUSQUIN met 17-year old Victim E on the dating website Tinder.  Victim E recalled that ERAUSQUIN was posing as a teenage male on Tinder.  Victim E provided her age as 18 years old on Tinder.

19.   ERAUSQUIN engaged in sexual activity with Victim E on three occasions at his apartment in Clarendon when she was 17 years old.  Victim E informed law enforcement that one time Erausquin sent an uber to the vicinity of her high school to transport her to his residence; one time he picked her up in his own car from the vicinity of her high school, and one time she drove herself to his apartment.  After each sexual encounter, he paid her money and/or provided her

6

drugs.

20.     A review of Uber records tied to ERAUSQUIN's account shows a trip dated September 11, 2019 from High School S (where Victim E attended) to ERAUSQUIN's Clarendon apartment. A review of Victim E's phone revealed a photo of a hand holding up several $100 bills. The photo was date stamped September 11, 2019.   Victim E informed law enforcement she received the money from ERAUSQUIN.

21.     Snapchat communications dated September 8, 2019 reveal Defendant telling Victim I he has a "2019 range dark gray." Snapchat communications dated September 17, 2019, further revealed ERAUSQUIN providing his address to Victim E and instructing her where to park.

22.     In the event that the Court finds that the defendant has breached this Plea Agreement, this Statement of Facts shall be admissible as a knowing and voluntary confession in any proceeding against the defendant regardless of whether the Plea Agreement is presented to or accepted by a Court.  Moreover, the defendant waives any rights that the defendant may have under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410, the United States Constitution, and any federal statute or rule in objecting to the admissibility of the Statement of Facts in any such proceeding.

23.     This Statement of Facts includes those facts necessary to support the plea agreement between the defendant and the government.  It does not include each and every fact known to the defendant or the government, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

7

Respectfully submitted,

JESS ABER
UNITED STATES ATTORNEY

By: Maureen C. Cain
Assistant United States Attorney
Whitney Kramer
Special Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, Matthew Erausquin, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Matthew Erausquin

I am Matthew Erausquin's attorney.  I have carefully reviewed the above Statement of Facts with him.  To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Frank Salvato, Esq.
Chris Amolsch, Esq.
Edward MacMahon, Esq.
Attorneys for Matthew Erausquin